UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lawrence A. Lynn,

    Plaintiff,

v.

Becton Dickinson and Company,

    Defendant.

Case No. 2:21-cv-5004

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Becton Dickinson and Company ("Defendant") moves to dismiss Lawrence A. Lynn's ("Plaintiff") Second Amended Complaint. ECF Nos. 48 & 50. Defendant attaches over 200 pages of exhibits to its motion. *Id.* These exhibits include the parties' contract, patent applications, an informational guide, and documents related to patent prosecution history. *Id.*

As a general rule, courts do not consider matters outside the pleadings when ruling on a motion to dismiss. *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) ("[I]n ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto." (citation omitted)). There are some exceptions to this general rule. For example, Federal Rule of Civil Procedure 10(c) provides that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." In addition, a court may consider

"items in the public record" that are not in "reasonable dispute" without converting a motion to dismiss into one for summary judgment. *See Papasan v. Allain*, 478 U.S. 265, 269, n.1 (1986); *Passa*, 123 F. App'x at 697. However, if a Court improperly considers such "public record" items, it may violate the opposing party's right to a fair hearing. *See Passa*, 123 F. App'x at 697 (explaining that Courts must consider facts within public records "which are not subject to reasonable dispute," and that such a limitation is necessary "to preserve a party's right to a fair hearing").

Here, some of Defendant's exhibits could be properly considered on a motion to dismiss. The parties' contract and several of the patents are referenced throughout the Complaint, and considering that contract would be permissible under Rule 10(c). *See Miles-McClellan Constr. Co., Inc. v. Kenny/Obayashi*, No. 2:16-CV-577, 2017 WL 3209524, at *3 (S.D. Ohio Mar. 29, 2017) ("The court may consider documents that a defendant attaches to a motion to dismiss without converting the motion to one for summary judgment if the documents are referred to in the complaint and are central to Plaintiff's claims." (cleaned up)).

As to some of the other patent-related documents, at least some of them are likely "items in the public record." *See, e.g.*, 37 C.F.R. § 1.11 (discussing which types of patent files are open to the public). However, some courts— including this one—have "refused to consider a patent's file history in conjunction with a motion to dismiss." *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 783

(S.D. Ohio 2009) (citing cases). In some cases, courts convert the motion to dismiss into one for summary judgment and give the parties an opportunity to supplement the record. *Id.*

In this case, Defendant's exhibits would help the Court evaluate the issues presented in Defendant's motion to dismiss. The motion to dismiss raises issues that turn on the status and prosecution history of the relevant patents. *See* ECF No. 48. Although some of Defendant's exhibits could likely be considered on a motion to dismiss, concern for Plaintiff's right to a fair hearing dictates a more prudent approach. So, the best option is to convert Defendant's motion to dismiss into one for summary judgment.

So, the Court **NOTIFIES** the parties of its intent to treat Defendant's motion to dismiss, ECF Nos. 48 & 50, as a motion for summary judgment. The Court *sua sponte* grants the parties an opportunity to supplement the record. The parties may submit simultaneous supplemental briefs, not to exceed twenty pages, and any additional exhibits **WITHIN SIXTY DAYS**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**